SUMMARY ORDER

Petitioner Zhen Qi Jiang, a native and citizen of China, seeks review of the November 13, 2008 order of the BIA affirming the October 3, 2007 decision of Immigration Judge (“IJ”) Philip Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhen Qi Jiang, No. A 094 922 289 (B.I.A. Nov. 13, 2008), aff'g No. A 094 922 289 (Immig. Ct. N.Y. City Oct. 3, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008)
 Jiang does not contest the agency’s finding that he was not per se eligible for relief based on his wife’s abortion. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-310 (2d Cir.2007); Matter of J-S-, 24 I. & N. Dec. 520 (AG 2008). Moreover, we find no error in the agency’s denial of Jiang’s applications for relief based on his alleged “resistance” to China’s coercive population control program. See Shi Liang Lin, 494 F.3d at 312-13 (discussing “resistance” claims). As the BIA found, the acts Jiang described — impregnating his wife and going into hiding — do not amount to resistance. Id.; Matter of S-L-L-, 24 I. & N. Dec. 1, 10 (BIA 2006). Even assuming Jiang’s actions did constitute “resistance,” the IJ reasonably concluded that his fear of persecution was not well-founded. See Diallo v. INS, 232 F.3d 279, 284 (2d Cir.2000); Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). Contrary to Jiang’s argument that he would face persecution in China because family planning officials issued threats to his family, Jiang testified that these threats included turning off his family’s electricity, a threat made before his wife was allegedly forced to abort her second pregnancy. Jiang presented no evidence that family planning officials would persecute him after his wife’s forced abortion. Moreover, as the IJ properly found, Jiang did not present any evidence that his fear of future persecution was objectively reasonable because it was based on “mere conjecture that his wife would become pregnant again.” Accordingly, Jiang gives us no reason to disturb the agency’s finding that he did not establish a “discernable” chance of persecution. Diallo v. INS, 232 F.3d 279, 284 (2d Cir.2000); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). Thus, the agency properly denied his application for asylum. As Jiang based his application for asylum and withholding of removal on the same factual predicate, it follows that he failed to meet the higher burden of proof with respect to withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, Jiang has waived any challenge to the agency’s denial of his application for *41 CAT relief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). His cursory reference to the denial of that relief in the preliminary sections of his brief does not suffice.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).